■ In the Matter of LEV REALTY CO., INC., Respondent, v CITY OF NEW YORK et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Housing Preservation and Development of the City of New York (HPD), dated December 8, 1981, directing petitioner to refund to the City Collector the sum of $3,042.17, representing tax abatements plus interest claimed by petitioner landlord under the Senior Citizen's Rent Increase Exemption Program administered by HPD with respect to a tenant whose eligibility was revoked, the City of New York, the Department of Finance of the City of New York, and HPD appeal, (1) as limited by their brief, from stated portions of a judgment of the Supreme Court, Kings County (Kramer, J.), dated May 31, 1983, which, *inter alia,* awarded petitioner $1,000 in legal fees, and directed that: "the Respondents shall not make any assessments or issue any liens, pursuant to Section Y51-5.1 of the Administrative Code of the City of New York, or any other section of law, against this Petitioner for the payment of taxes resulting from revocation of Senior Citizen Rent Increase Exemption by the New York City Office of Rent Control, or any other agency or department * * * charged with enforcement of such exemption, unless and until the Petitioner has actually collected said monies from the subject tenant" and (2) as limited by their brief, from stated portions of a resettled judgment of the same court, dated September 15, 1983, as, *inter alia,* reiterated the afore-mentioned provisions of the original judgment. ¶ Appeal from the judgment dated May 31, 1983, dismissed, without costs or disbursements. The judgment was superseded by the resettled judgment dated September 15, 1983. ¶ Resettled judgment dated September 15, 1983 modified, by deleting therefrom the words, "in all respects" in the first decretal paragraph, and by striking therefrom the third, fourth and fifth decretal paragraphs. As so modified, resettled judgment affirmed insofar as appealed from, without costs or disbursements. Judgment dated May 31, 1983 modified accordingly. ¶ In our opinion, the determination of HPD was properly annulled on the facts before Special Term. However, there was no lawful basis in the pleadings or evidence for an award of counsel fees, and the direction in the fourth decretal paragraph was too broad. ¶ Further, we note that the Special Term Judge had no authority to ratify the judgment made by him while sitting in Civil Court, Kings County. ¶ While we are vacating the injunctive relief granted herein, we would note that we do not approve of the procedure followed by appellants in attempting to recoup from an innocent landlord, in one lump sum together

with interest, taxes becoming due as a result of the retroactive revocation of a senior citizen rent increase exemption, upon ascertaining such senior citizen was, in fact, not eligible, while allowing the senior citizen tenant to pay the arrears of rent resulting from the revocation in monthly installments. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.